Argued March 17, affirmed April 20, 1955

# HICKETHIER *v.* HICKETHIER
### 282 P. 2d 665

*Maynard Wilson,* Cottage Grove, argued the cause and filed a brief for Appellant.

*William W. Bartle* and *E. E. Allen* argued the cause for Respondent.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

LUSK, J.

By decree dated June 9, 1953, the Circuit Court granted to the plaintiff a divorce, the custody of a minor child, and an award of property. Plaintiff has appealed from the property award, contending that it is not adequate in view of the circumstances.

The parties were married on September 16, 1929. They lived on a farm near Cottage Grove in Lane County, title to which stood in their names as tenants by the entirety. They have raised three children, one of whom is a minor. Plaintiff alleged in her amended complaint that her contributions of money and property to the accumulated properties of the parties exceeded that of her husband's by $4900.00, and asked that she be awarded a one-half interest in all the real and personal property, and in addition that she be granted a judgment for $4900.00.

The court, besides ordering defendant to pay $50.00 a month as support money for the minor child, decreed that plaintiff be given and declared her to be the owner of a one-half interest in the farm machinery, hay and grain on the premises, and any other personal property except two motor vehicles, a 1950 Meadowbrook Dodge and a 1937 Dodge pickup, both of which were registered in the name of the defendant and which he was

permitted to retain. The decree recited that the parties had made a division of household furniture, cooking utensils, etc., which should stand. Plaintiff and defendant were further declared to be tenants in common of the real property.

■ The court found that the plaintiff had inherited money from her mother's estate but that "any amount that may have been contributed by the Plaintiff toward the marriage has been exhausted years ago toward raising the family and is not of sufficient importance to unbalance the equities between the parties to allow the Plaintiff more than one-half interest in the real property above described." The statute in effect at the time of the decree (Oregon Laws 1947, ch 557) authorized the Circuit Court to award to the party to whom the divorce is given such an interest in the property, real or personal, or both, of the losing party "as may be just and proper in all the circumstances." In the exercise of this power the courts are vested with a wide range of discretion. *Siebert v. Siebert,* 184 Or 496, 503, 199 P2d 659. In the opinion in that case we suggested certain matters to be considered by the courts in making the award. The plaintiff charges that the Circuit Court by its decree refused to consider her contributions to the properties accumulated during the marriage. But the record does not support this contention. The finding quoted shows the contrary.

■■ The evidence justifies a finding that the two motor vehicles were the property of the defendant. The statute imposes no mandatory duty on the court to give to the prevailing party an interest in any of the property of the other spouse, and in the circumstances of this case we find no abuse of discretion in the court's disposition of the motor vehicles.

■ In her original complaint the plaintiff asked only for an equal division of the property accumulated during the marriage. On the day before the trial, almost 11 months after the commencement of the suit, the plaintiff verified and filed an amended complaint in which she sought the additional relief based on her alleged contributions in excess of those of her husband. Her failure to assert this claim in the beginning might well cast doubt on its validity. In any event, in a "partnership" of this kind, while the contributions of each to any property held by them as tenants by the entirety are proper matters to be considered by the court in making an award (*Siebert v. Siebert,* supra), there may be also other factors, such as the industry of one of the partners employed in building up an estate, which more than counterbalance the financial contributions of the other.

Plaintiff did not claim the right to be awarded any part of the property of the defendant. She sought only what she asserted to be her own. This is what the court's decree undertook to give her, and we cannot say that the court was wrong. The court had the power, of course, to award to the plaintiff a part of the defendant's property. Its decision not to do so may well have been influenced by the fact that the evidence on the question of a divorce showed that the fault was by no means all on one side.

Our consideration of the case leads us to the conclusion that there was no abuse of discretion on the part of the circuit judge in the property award, and that the decree must therefore be affirmed without costs to either party.